UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| GALE L. SMITH, | ) | |
| | ) | |
| Plaintiff, | ) | 17 C 186 |
| | ) | |
| vs. | ) | Judge Gary Feinerman |
| | ) | |
| JP MORGAN CHASE BANK, N.A., CHASE BANK, USA, N.A., JPMORGAN CHASE & CO., and SHELLPOINT MORTGAGE SERVICING, LLC, | ) ) ) ) | |
| Defendants. | ) | |

## ORDER

For the reasons stated below, Plaintiff's motion for reconsideration [17] is denied. The 5/10/2017 motion hearing [18] is stricken.

## STATEMENT

Plaintiff Gale Smith, who is represented by counsel, filed this suit against four entities, alleging various misdeeds in connection with her mortgage loan. Doc. 1. The court's initial order, entered on January 13, 2017, set an initial status hearing for March 13 and required an initial status report to be filed by March 6. Doc. 4. No initial status report was filed, and Smith failed to appear on March 13; the order entered that day re-set the status hearing to March 21 and stated: "Plaintiff is warned that failure without good cause to appear for the 3/21/2017 status hearing, or any future status or motion hearing, will result in the dismissal with prejudice of this case for want of prosecution." Doc. 5. In the wake of that order, Smith filed a status report indicating that only one of the four defendants had been served. Doc. 6. The court then entered this order on March 17: "Because the status report states that the Chase Defendants have not yet been served, no case schedule will be entered at this time. Plaintiff is cautioned regarding the time limit for service set forth in Civil Rule 4(m). The 3/21/2017 initial status hearing is stricken and re-set for 4/25/2017 at 9:00 a.m. An amended joint status report shall be filed by 4/19/2017." Doc. 8.

Despite the clear direction in the March 17 order, no status report was filed. Meanwhile, the sole defendant to have been served moved to dismiss and noticed its motion for April 25, the date of the re-scheduled status hearing. Docs. 10-12. Despite the clear warning in the March 13 order, Smith did not appear for the April 25 hearing, so the court dismissed the suit with prejudice for want of prosecution. Docs. 15-16.

Now before the court is Smith's motion, which she styles as a motion under Federal Rule of Civil Procedure 60(b), to vacate the dismissal order. Doc. 17. As to why Smith (via counsel) did not appear at the April 25 motion and status hearing, Smith states: "Plaintiff's attorney

1

inadvertently overlooked the Court date due to a scheduling conflict and failed to appear which was due to excusable neglect." *Id*. at 1.

Rule 60(b)(1) provides: "On a motion and just terms, the court may relieve a party … from a final judgment, order, or proceeding" upon a showing of "mistake, inadvertence, surprise, or excusable neglect." "As the Rule 60(b)(1) standard has developed, a specialized three-part standard has evolved which squarely places the burden on the moving party to show: (1) 'good cause' for the default; (2) quick action to correct the default; and (3) the existence of a meritorious defense to the original complaint." *Jones v. Phipps*, 39 F.3d 158, 162 (7th Cir. 1994). The court will assume the second and third requirements are satisfied, but the first requirement is not.

As good cause for the default, Smith's counsel states that he "overlooked" the April 25 motion and status hearing "due to a scheduling conflict." Doc. 17 at 1. An attorney's mis-calendaring a *really* important deadline—here, the March 13 order had expressly warned, due to the attorney's having missed the initial status hearing, that failure to appear at any future motion or status hearing would result in dismissal, Doc. 5—is not good cause under Rule 60(b)(1). *See Pretzel & Stouffer, Chartered v. Imperial Adjusters, Inc.*, 28 F.3d 42, 45 (7th Cir. 1994) (holding that mis-calendaring a date "is the attorney's mistake and he and his client are responsible for the consequences"); *Lapsley v. Fries*, 2012 WL 2721909, at *3 (N.D. Ind. July 9, 2012) (citing cases). The same result would hold even if Smith had filed her motion under Rule 55(c). *See Jones*, 39 F.3d at 162 (holding that the same three requirements apply under Rule 55(c)).

May 8, 2017

United States District Judge

2